### OSCAR GRAHAM v. STATE.

No. A-4324. Opinion Filed Jan. 24, 1924.

(221 Pac. 1049.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Possession.** In a prosecution for having possession of intoxicating liquor with intent to sell the same, evidence held sufficient to sustain the verdict and judgment of conviction, and that no reversible error was committed on the trial.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

Oscar Graham was convicted of a violation of the prohibitory liquor law, and he appeals. Affirmed.

D. B. Madden and Walter Hubbell, for plaintiff in error.

George F. Short, Atty Gen., and N. W. Gore and G. B. Fulton, Asst. Attys. Gen., for the State.

DOYLE, J. This appeal is from a judgment of the county court of Cotton county, rendered in pursuance of a verdict convicting Oscar Graham on a charge that he did have in his possession four pints of whisky with intent to sell the same, and fixing his punishment at a fine of $50 and confinement in the county jail for 30 days.

The errors assigned question the sufficiency of the evidence to sustain the verdict and alleged improper remarks by the county attorney in his argument of the case.

The evidence shows that J. D. Kerr, sheriff of Cotton county, together with Frank Bowles, undersheriff, and C. C. Campbell, went to defendant's residence in the town of Temple for the purpose of searching the same for intoxicating liquor; the sheriff told defendant that they had a search warrant for his place; the defendant asked what for, and then said that he did not have anything, but to go ahead and search. The officers found a quart bottle about half full of red whisky, which defendant said was bought by him for his wife a few years before; that that was all he had. However, the officers continued their search and found a fruit jar about three-fourths full of corn whisky. They placed the fruit jar on the table in the dining room, then went into an adjoining room. Defendant went with them, and making some remark about his keys went back into the dining room and "grab-

bed'' the fruit jar; the officers intercepted him, and he pitched the jar outside, stating that he was trying to get rid of the ''damn stuff.'' Part of the liquor was spilled, but about a pint was saved. The officers also found about three dozen little brown bottles.

J. D. Graham, an officer, Frank Bowles, and J. D. Kerr each testified that they knew the reputation of defendant's residence, and that it had the reputation of being a place where intoxicating liquors were kept and sold.

The defendant did not offer any testimony.

We have carefully read the record, and are fully satisfied that no error prejudicial to the defendant was committed on the trial, and that the evidence is sufficient to sustain the verdict. It would subserve no useful purpose to write an opinion specifically stating the contentions of counsel for defendant and our reasons for overruling them.

Our conclusion is that the judgment must be affirmed.

MATSON, P. J., and BESSEY, J., concur.